■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE ABRAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered October 13, 1989, convicting him of unauthorized practice of a profession under Education Law § 6512, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

It is undisputed that the defendant was not a licensed psychologist *(see,* Education Law § 7603). It is also undisputed that the defendant practiced as a psychologist and held himself out as such. However, it is not a crime to practice psychology without a license *(see, Matter of Salter v New York State Psychological Assn.,* 14 NY2d 100; *National Psychological Assn. v University of State of N. Y.,* 8 NY2d 197, 205; *cf.,* Education Law § 6512). Although it is a misdemeanor for an unlicensed person to "use the title 'psychologist' or to describe his services by the use of the words 'psychologist', 'psychology' or 'psychological' in connection with his practice" (Education Law §§ 7601, 6513 [1]), the defendant was not charged with this offense. Thus, the defendant's conviction must be reversed.

Moreover, since it is not a crime to practice psychology without a license, the indictment was jurisdictionally defective, and therefore, must be dismissed *(see, People v Motley,* 69 NY2d 870, 872; *People v Iannone,* 45 NY2d 589, 600; *People v Case,* 42 NY2d 98). Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur.