■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO POLANCO, Appellant. [770 NYS2d 167]—

Kane, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered May 29, 2002, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an inmate.

The indictment charges that defendant expelled semen into an envelope, then sent that envelope to an employee of the correctional facility where defendant was incarcerated. Defendant moved to dismiss the indictment charging him with aggravated harassment of an employee by an inmate. After County Court denied his motion, defendant entered an *Alford* plea to the charged crime. County Court imposed the agreed-upon sentence of 1½ to 3 years' imprisonment, consecutive to his existing prison sentence.

Contrary to the People's assertion, defendant did not forfeit his challenge to the sufficiency of the indictment. A defendant's guilty plea does not waive jurisdictional defects in the indictment (*see People v Iannone,* 45 NY2d 589, 600 [1978]; *People v George,* 261 AD2d 711, 713 [1999], *lv denied* 93 NY2d 1018 [1999]). If the acts that defendant is accused of performing simply do not constitute a crime, the indictment is jurisdictionally defective (*see People v Iannone, supra* at 600; *People v Case,* 42 NY2d 98, 100 [1977]; *People v Abrams,* 177 AD2d 633 [1991]).

The present indictment is jurisdictionally defective, requiring its dismissal. The crime charged here requires that an inmate, "with intent to harass, annoy, threaten or alarm a person in a facility whom he knows or reasonably should know to be an employee of such facility . . . [,] causes or attempts to cause such employee to come into contact with blood, seminal fluid, urine or feces, by throwing, tossing or expelling such fluid or materi-

al" (Penal Law § 240.32). The statutory language specifically requires that the contact or attempted contact with such bodily substance be facilitated "by throwing, tossing or expelling." If the Legislature intended to prevent inmates from exposing facility employees to bodily materials by any means an inmate could contrive, it could have placed a period after the word feces and omitted the remainder of that sentence. Instead, by including a specific list of methods of exposing employees to such materials, the Legislature limited criminalization to contact through those methods and excluded other methodologies (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 240; Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.32, at 402).

Although defendant expelled semen, the expulsion was not the means of causing contact with that fluid. Defendant's act of mailing the envelope containing such fluid was his attempt to cause contact. Mailing, however, does not fall within the categories of throwing, tossing or expelling. Thus, defendant's actions, while repugnant and presumably a violation of prison disciplinary rules, did not fall within the methods of behavior proscribed by the statute. As the acts alleged in the indictment did not constitute the crime charged, the indictment was jurisdictionally defective (*see People v Iannone, supra* at 600; *People v Case, supra* at 100), and must be dismissed.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.