■ The People of the State of New York, Respondent, v Jessica L. Trank, Appellant. [872 NYS2d 595]—

Kane, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 4, 2008, convicting defendant upon her plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was apprehended while attempting to smuggle more than 19 grams of marihuana into a correctional facility where her boyfriend was incarcerated. A grand jury indicted her on charges of promoting prison contraband in the first degree and unlawful possession of marihuana. Although defendant was aware that a case pending in the Court of Appeals could clarify the elements of promoting prison contraband in the first degree under Penal Law § 205.25, she pleaded guilty to attempted promoting prison contraband in the first degree in satisfaction

of the indictment. Approximately six months following defendant's sentencing, the Court of Appeals held that a small amount of marihuana, generally less than 25 grams, is not dangerous contraband (*People v Finley*, 10 NY3d 647, 657-658 [2008]). On appeal, defendant contends that the indictment was jurisdictionally defective or, in the alternative, that her conviction should be reduced to a misdemeanor based upon the law as enunciated in *Finley*.

While a guilty plea does not waive jurisdictional defects in the indictment (*see People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Polanco*, 2 AD3d 1154, 1154 [2003]), the indictment here was not jurisdictionally defective. Defendant contends that because, as elucidated in *Finley*, possession of a small amount of marihuana does not constitute possession of dangerous contraband, the indictment did not allege every element of the charged crime. However, the indictment made no mention of the quantity of marihuana defendant possessed, and larger amounts of marihuana could constitute dangerous contraband (*see People v Finley*, 10 NY3d at 658). The failure of the indictment to allege the quantity of marihuana did not constitute a jurisdictional defect. Because the supposed defect in the indictment was not jurisdictional, it was waived by defendant's knowing and voluntary guilty plea (*see People v Iannone*, 45 NY2d at 600; *People v Williamson*, 301 AD2d 860, 862 [2003], *lv denied* 100 NY2d 567 [2003]).

"[A]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise" (*Brady v United States*, 397 US 742, 757 [1970] [citation omitted]; *see People v Edwards*, 96 NY2d 445, 452 [2001]). Defense counsel was aware that appeals in *Finley* and a companion case were pending before the Court of Appeals while defendant was contemplating her options. During her plea colloquy, defendant acknowledged that she had fully discussed her case with counsel. By knowingly, voluntarily and intelligently pleading guilty, defendant accepted a plea to a reduced charge in light of the law at the time (*see People v Martinez*, 34 AD3d 859 [2006]; *People v Salters*, 30 AD3d 903 [2006], *mod* 10 NY3d 647 [2008]; *People v McCrae*, 297 AD2d 878 [2002], *lv denied* 1 NY3d 576 [2003]), rather than gamble on the possibility of a helpful decision from the state's high court in the future. Hence, defendant is bound by her choice to plead guilty, even though the crime charged would necessarily have been reduced post-*Finley*.

We do not have jurisdiction to reduce the charge to a misdemeanor in the interest of justice, and we decline to exercise our interest of justice jurisdiction to reduce defendant's sentence.

Peters, J.P., Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.