■ The People of the State of New York, Respondent, v Kimberly Hurell-Harring, Appellant. [887 NYS2d 317]—

Stein, J. Appeals (1) from a judgment of the County Court of Washington County (McKeighan, J.), rendered November 16, 2007, convicting defendant upon her plea of guilty of the crime of promoting prison contraband in the first degree, and (2) by permission, from an order of said court, entered December 22, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant smuggled 21.1 grams of marihuana into Great Meadow Correctional Facility in Washington County in order to deliver it during a visit with her husband, an inmate. After waiving indictment and agreeing to proceed by superior court information (hereinafter SCI) charging her with promoting prison contraband in the first degree, defendant pleaded guilty to that charge and waived her right to appeal. She was

sentenced to five years of probation, a condition of which was that she serve six months in jail. Defendant filed a notice of appeal from the judgment of conviction. She also later moved to vacate the judgment pursuant to CPL 440.10. After County Court denied the motion, defendant obtained permission from this Court to appeal that decision. The two appeals were consolidated and are now before us.

We agree with defendant's contention that the SCI was jurisdictionally defective.[1] "An [information] is jurisdictionally defective . . . if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (*People v D'Angelo*, 98 NY2d 733, 734-735 [2002]; *see People v Motley*, 69 NY2d 870, 872 [1987]). As relevant here, a person is guilty of the crime of promoting prison contraband in the first degree when he or she "knowingly and unlawfully introduces any dangerous contraband into a detention facility" (Penal Law § 205.25 [1]). In this case, the SCI referred to the relevant statute and alleged that defendant "did knowingly and unlawfully introduce dangerous contraband, *namely 21.1 grams of marihuana* contained in a condom hidden in her vagina, into Great Meadow Correctional Facility for the purpose of giving same to . . . an inmate at said facility" (emphasis added).

After defendant pleaded guilty and during the pendency of this appeal, the Court of Appeals held that small amounts of marihuana—specifically, amounts less than 25 grams, the possession of which constitutes only a noncriminal violation outside of prison—are not dangerous contraband within the meaning of Penal Law § 205.00 (4) and § 205.25 (*see People v Finley*, 10 NY3d 647, 654 [2008]). Because the Court of Appeals was clarifying the meaning of existing law, retroactive application of that holding is proper on this direct appeal (*see People v Jean-Baptiste*, 11 NY3d 539, 542 [2008]; *People v Pepper*, 53 NY2d 213, 214 [1981], *cert denied* 454 US 967 [1981]). Thus, applying the law as articulated in *People v Finley* (*supra*), the SCI in this case is jurisdictionally defective because the amount of marihuana that defendant was alleged therein to have brought into the correctional facility was insufficient to constitute "dangerous contraband"—a material element of the crime charged[2] (*see* Penal Law § 205.00 [4]; § 205.25 [1]; *People v Finley*, 10 NY3d

---

1. We note that this argument is not waived by defendant's guilty plea (*see People v Iannone*, 45 NY2d 589, 600 [1978]; *People v Trank*, 58 AD3d 1076, 1077 [2009], *lv denied* 12 NY3d 860 [2009]) or precluded by her waiver of appeal (*see People v Hansen*, 95 NY2d 227, 228-229 [2000]; *People v Simmons*, 27 AD3d 786, 786-787 [2006], *lv denied* 7 NY3d 763 [2006]).

2. Although the Court of Appeals has articulated that 25 grams or less of marihuana could constitute dangerous contraband in the presence of ag-

at 654-658; *People v D'Angelo*, 98 NY2d at 734-735; *compare People v Trank*, 58 AD3d at 1076 [SCI did not set forth the quantity of marihuana defendant possessed]).[3] Inasmuch as the act of which defendant is accused does not constitute a crime, the judgment of conviction must be reversed (*see People v Polanco*, 2 AD3d 1154, 1154-1155 [2003]).

In light of the foregoing, defendant's remaining contentions are academic.

Rose, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, and superior court information dismissed. Ordered that the appeal from the order is dismissed, as academic.

gravating circumstances (*People v Finley*, 10 NY3d at 654), the record before us is bereft of allegations that would indicate the existence of such circumstances.

3. While "[t]he incorporation by specific reference to the statute [defining the crime charged] operates without more to constitute allegations of all the elements of the crime" (*People v D'Angelo*, 98 NY2d at 735; *see People v Cohen*, 52 NY2d 584, 586 [1981]), here such incorporation was negated by the specific allegation that the amount of marihuana in question was only 21.1 grams (*compare People v Motley*, 69 NY2d at 870).