■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMALE McCRAE, Appellant. [892 NYS2d 574]—

Malone Jr., J.

In 2000, while an inmate at Clinton Correctional Facility in Clinton County, defendant was charged with promoting prison contraband in the first degree and unlawful possession of marihuana after he was found to be in possession of 10.94 grams of marihuana. Defendant pleaded guilty to both charges and his judgment of conviction was affirmed by this Court (*People v McCrae*, 297 AD2d 878 [2002], *lv denied* 1 NY3d 576 [2003]). Thereafter, the Court of Appeals decided *People v Finley* (10 NY3d 647 [2008]), in which it held that a small amount of marihuana—specifically, less than 25 grams—does not constitute dangerous contraband within the meaning of Penal Law § 205.00 (4) and § 205.25 (2). Defendant then moved, pursuant to CPL 440.10, to vacate that part of the judgment convicting him of promoting prison contraband in the first degree, arguing that he was entitled to the "retroactive" application of *People v Finley* (*supra*). County Court denied the motion, without a hearing, and defendant appeals, by permission of this Court.

In deciding *Finley*, the Court of Appeals did not announce a substantive change in the controlling law but, rather, clarified the meaning of existing law (*see People v Hurell-Harring*, 66 AD3d 1126, 1127 [2009]). As *Finley* reflects the law as it existed at the time of defendant's plea, "this case presents no issue of retroactivity" (*Fiore v White*, 531 US 225, 228 [2001]). Here, the indictment specifically alleged that defendant "knowingly and unlawfully possessed 10.94 grams of crushed vegetation containing marihuana." However, as clarified by *Finley*, the possession of 10.94 grams of marihuana, in the absence of aggravating circumstances, did not constitute the possession of dangerous contraband within the meaning of Penal Law § 205.25 at the time of defendant's conviction (*see People v Finley*, 10 NY3d at 657-658). Accordingly, defendant's motion should have been granted and that part of the judgment convicting him of promoting prison contraband in the first degree should be vacated (*see Fiore v White*, 531 US at 228-229; *People v Hurell-Harring*, 66 AD3d at 1128; *compare People v Trank*, 58 AD3d 1076, 1077 [2009], *lv denied* 12 NY3d 860 [2009] [indictment did not specify the amount of marihuana the defendant allegedly possessed]).

Spain, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, motion granted, and that part of the judgment convicting defendant of promoting prison contraband in the first degree vacated.