■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNETT REEVES, Appellant. [911 NYS2d 236]—

Egan Jr., J. Appeal, by permission, from an order of the County Court of Greene County (Lalor, J.), entered September 25, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of attempted promoting prison contraband in the first degree, without a hearing.

Defendant was charged in a 2007 indictment with promoting prison contraband in the first degree and unlawful possession of marihuana, arising from his possession of 25 grams of marihuana while incarcerated. Under the terms of a plea agreement, defendant waived his right to appeal and pleaded guilty to attempted promoting prison contraband in the first degree. The Court of Appeals subsequently held that 25 grams or less of marihuana, in the absence of aggravating circumstances, does not constitute dangerous contraband as required to support a conviction of promoting prison contraband in the first degree (see Penal Law § 205.00 [4]; § 205.25 [2]; People v Finley, 10 NY3d 647, 653-659 [2008]). Defendant accordingly moved to vacate the judgment of conviction and now appeals, by permission, from County Court's denial thereof.

As the Court of Appeals in Finley was clarifying the meaning of existing law, the present case raises no issue of retroactivity (see People v McCrae, 68 AD3d 1451, 1452 [2009]; People v Hurell-Harring, 66 AD3d 1126, 1127 [2009]). Instead, the question is whether the indictment charging defendant was jurisdictionally defective, in that it "fails to allege that . . . defendant committed acts constituting every material element of the crime charged" (People v Iannone, 45 NY2d 589, 600 [1978]; see CPL 440.10 [1] [a]; People v Hurell-Harring, 66 AD3d at 1127). While the indictment incorporates the statutory provision defining the crime by reference, its identification of the allegedly dangerous contraband as 25 grams of marihuana is controlling (see People v Randall, 9 NY2d 413, 422 [1961]; People v Hurell-Harring, 66 AD3d at 1128 n 3; cf. People v Brown, 75 AD3d 655, 656 [2010]; People v Trank, 58 AD3d 1076, 1077 [2009], lv denied 12 NY3d 860 [2009]). Marihuana in that amount does not ordinarily constitute dangerous contraband, and imprecise grand jury testimony in this case regarding past problems caused by inmates' marihuana possession, which is devoid of discussion as to the amounts of marihuana involved, did not establish aggravating circumstances that would render it otherwise (see e.g. People v Finley, 10 NY3d at 657 n 6). Accordingly, defendant's motion should have been granted and the judgment of conviction vacated (see People v McCrae, 68 AD3d at 1452).

Cardona, P.J., Peters, Spain and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, motion granted and judgment of conviction vacated.