THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE COOPER, Appellant. [931 NYS2d 346]—

Contrary to the defendant's contention, the County Court did not err in imposing a $50 DNA databank fee at the time of sentencing. Penal Law § 60.35 provides, in pertinent part:

"1. (a) . . . whenever proceedings in an administrative tribunal or a court of this state result in a conviction for a felony, a misdemeanor, or a violation . . . there shall be levied at sentencing a . . . DNA databank fee . . . in accordance with the following schedule . . .

"(v) a person convicted of a designated offense as defined by subdivision seven of section nine hundred ninety-five of the executive law shall, in addition to a mandatory surcharge and crime victim assistance fee, pay a DNA databank fee of fifty dollars." "Section 60.35 was originally enacted as part of a massive revenue-raising bill meant to 'avert the loss of an estimated $100 million in State tax revenues' " (*People v Guerrero*, 12 NY3d 45, 49 [2009], quoting Legislative Mem in Support, Bill Jacket, L 1982, ch 55, at 6).

Here, the defendant was convicted of promoting prison contraband in the first degree, a "designated offense" as defined by Executive Law § 995 (7). Therefore, the County Court properly imposed a $50 DNA databank fee on the defendant at the time of sentencing. The defendant argues that the County Court should not have imposed the DNA databank fee because he had previously provided a DNA sample pursuant to a prior felony conviction, which occurred after the enactment of the legislation establishing such fee (*see* Penal Law § 60.35, as amended by L 2003, ch 62, part F, § 1). However, pursuant to the plain meaning of Penal Law § 60.35 (1) (a) (v), the imposition of a $50 DNA databank fee is triggered upon a conviction of a "designated offense" as defined by Executive Law § 995 (7). There is nothing in the language of Penal Law § 60.35 (1) (a) (v) that precludes the imposition of subsequent DNA databank fees upon a defendant who has previously provided a DNA sample in connection with a felony conviction that occurred after the enactment of Penal Law § 60.35. Moreover, contrary to the defendant's contention, our decision in *People v Nelson* (77 AD3d 973 [2010]) does not stand for the proposition that a DNA databank fee may not be imposed under the circumstances presented here.

Furthermore, to the extent that the defendant contends that his plea of guilty was not knowing or voluntary, his claim is unpreserved for appellate review because he failed to move to withdraw his plea (*see* CPL 470.05 [2]; *People v Toxey*, 86 NY2d 725 [1995]; *People v Brown*, 78 AD3d 723, 724 [2010]; *People v Elcine*, 43 AD3d 1176, 1177 [2007]). The narrow exception to

the preservation rule is inapplicable in this case, since the defendant's plea recitation of the facts underlying the crime of promoting prison contraband in the first degree did not cast significant doubt on his guilt or otherwise call into question the voluntariness of the plea (*see People v Lopez*, 71 NY2d 662, 666 [1988]).

While a plea of guilty does not waive jurisdictional defects in the indictment (*see People v Iannone*, 45 NY2d 589, 600 [1978]), the indictment here was not jurisdictionally defective. The indictment alleged every element of the crime of promoting prison contraband in the first degree, including the defendant's possession of dangerous contraband. Contrary to the defendant's contention, the exact quantity of the marihuana he allegedly possessed is not an element of the offense and, thus, the failure of the indictment to allege the quantity of marihuana did not constitute a jurisdictional defect (*see People v Trank*, 58 AD3d 1076, 1077 [2009]; *see People v Finley*, 10 NY3d 647, 658 [2008]; *People v Reeves*, 78 AD3d 1332 [2010]). Since the alleged defect in the indictment is not jurisdictional, any challenge to the sufficiency of the factual allegations in the indictment is waived by the defendant's plea of guilty (*see People v Iannone*, 45 NY2d at 600; *People v Trank*, 58 AD3d at 1077).

Furthermore, since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that his sentence was excessive (*see People v Mays*, 84 AD3d 1269, 1270 [2011], *lv denied* 17 NY3d 819 [2011]; *People v Kazepis*, 101 AD2d 816 [1984]).

The defendant's remaining contention is without merit. Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.