◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY A. GRIFFIN, Appellant. [932 NYS2d 252]—

Stein, J.

Defendant was arrested and charged with one count of grand larceny in the fourth degree and three counts of criminal possession of a forged instrument in the second degree. After waiving his right to indictment by a grand jury, defendant pleaded guilty to a single count of grand larceny in the fourth degree. Defendant was thereafter sentenced to an agreed-upon term of 2 to 4 years in prison.

Prior to sentencing, defendant moved to withdraw his plea, asserting that his counsel was ineffective and that he was induced into pleading guilty by his mistaken belief that New York's persistent felony statute was valid[1]—when, in fact, between the date of defendant's plea and his sentencing, a federal appellate court held it to be unconstitutional (see Besser v Walsh, 601 F3d 163, 188 [2d Cir 2010], cert denied 562 US —, 131 S Ct 342 [2010]). Defendant also asserted that he was innocent and that he had lied under oath during the plea colloquy. County Court denied defendant's motion and sentenced him in accordance with the plea agreement. Defendant thereafter moved pursuant to CPL 440.10 (1) (h) to vacate the judgment of conviction. County Court denied this motion without a hearing. Defendant now appeals from the judgment of conviction and, with permission, from the order denying his CPL article 440 motion.

We affirm. It is well settled that it is within the trial court's sound discretion whether to permit a defendant to withdraw a guilty plea, and no hearing is required unless a genuine question of fact as to its voluntariness is set forth on the record (see People v Strickland, 77 AD3d 1019, 1020 [2010]; People v Carmona, 66 AD3d 1240, 1241 [2009], lv denied 14 NY3d 799 [2010]). Here, while the record reflects that at the first court appearance defendant expressed difficulty contacting his attorney, the matter was adjourned for two weeks in order to afford defendant the opportunity to speak with his attorney and with family members. The record of the plea colloquy that took place following that adjournment reveals that defendant articulated to County Court that he fully understood the rights he was giving up, that he had "a full chance to consult with" his attorney and that he was satisfied with the representation he received. He further admitted his guilt, allocuted to all of the elements and facts of the crime with which he was charged and stated that his decision to plead guilty was free and voluntary. Defendant's subsequent protestations of innocence were unsubstantiated and County Court was within its discretion to

---

1. At the time that defendant entered his plea, he would have been subject to sentencing as a persistent felony offender.

disregard such statements in denying defendant's motion (*see People v Mitchell*, 73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010]; *People v Davis*, 250 AD2d 939, 940 [1998]).

Nor do we find merit to defendant's argument that his plea was the result of a mistake in the inducement. Notably, " '[a]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise' " (*People v Trank*, 58 AD3d 1076, 1077 [2009], *lv denied* 12 NY3d 860 [2009], quoting *Brady v United States*, 397 US 742, 757 [1970]). Moreover, the law in New York as established by the Court of Appeals, to which this Court is bound, has continually upheld the constitutionality of the persistent felony offender sentencing scheme (*see People v Quinones*, 12 NY3d 116, 122-131 [2009], *cert denied* 558 US —, 130 S Ct 104 [2009]; *People v Battease*, 74 AD3d 1571, 1577 [2010], *lv denied* 15 NY3d 849 [2010]).[2] Inasmuch as nothing in the record suggests any misleading conduct by state agents or calls into question defendant's guilt or the voluntariness of his plea, we conclude that County Court did not abuse its discretion in denying defendant's motion to withdraw such plea without a hearing (*see People v Seeber*, 4 NY3d 780, 781 [2005]; *People v Carmona*, 66 AD3d at 1241; *People v First*, 62 AD3d 1043, 1044 [2009], *lv denied* 12 NY3d 915 [2009]; *People v Singletary*, 51 AD3d 1334, 1334 [2008], *lv denied* 11 NY3d 741 [2008]).

We likewise find no error in County Court's denial of defendant's CPL article 440 motion to vacate the judgment of conviction without conducting a hearing as to the effectiveness of his counsel. Defendant argues that his counsel was ineffective for, among other things, misrepresenting to him that County Court had promised not to sentence him as a persistent felony offender if he entered a guilty plea. Significantly, the record reveals that there was no ambiguity relating to the sentence that defendant would receive in the event he accepted the plea agreement, and defendant was not sentenced as a persistent felony offender. Moreover, defendant failed to demonstrate that "the nonrecord facts sought to be established are material and would entitle him to relief" (*People v Satterfield*, 66 NY2d 796, 799 [1985]). Additionally, defendant's counsel secured a very favorable plea bargain inasmuch as defendant pleaded guilty to

---

**2.** We also note that the ruling in *Besser v Walsh* (*supra*) was subsequently vacated following rehearing en banc (*see Portalatin v Graham*, 624 F3d 69, 73 [2d Cir 2010], *cert denied* 562 US —, 131 S Ct 1693 [2011]), and is no longer the law in the Second Circuit.

only one charge in satisfaction of a four-count indictment and avoided exposure to harsher sentencing as a persistent felony offender. Finally, nothing in the record otherwise casts doubt on counsel's effectiveness. Under these circumstances, defendant was afforded meaningful representation (*see People v Ford*, 86 NY2d 397, 404 [1995]; *People v Shurock*, 83 AD3d 1342, 1343 [2011]; *People v Singletary*, 51 AD3d at 1335), and County Court properly denied the motion based on written submissions (*see* CPL 440.30; *People v Satterfield*, 66 NY2d at 799; *People v Morehouse*, 5 AD3d 925, 926 [2004], *lv denied* 3 NY3d 644 [2004]).

Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Peters, Garry and Egan Jr., JJ., concur. Ordered that the judgment and order are affirmed.