■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL A. WILSON, Appellant. [956 NYS2d 260]—

Spain, J.

Initially, we find no merit to defendant's contention that County Court erred in denying his motion to withdraw his plea. The decision as to whether to permit a defendant to withdraw a guilty plea is committed to the sound discretion of the trial court and such request will generally not be granted absent a showing of innocence, fraud or mistake in its inducement (*see People v Flynn*, 92 AD3d 1148, 1150-1151 [2012], *lv denied* 19 NY3d 996 [2012]; *People v Wilson*, 92 AD3d 981, 981 [2012], *lv denied* 19 NY3d 1029 [2012]). Defendant argues that he entered his pleas to the Warren County charges based on the mistaken belief that his appeal on his Washington County conviction would be successful. However, this issue is unpreserved as defendant did not raise this argument in moving to withdraw his plea (*see People v Covell*, 276 AD2d 824, 825 [2000]; *People v Carter*, 254 AD2d 202 [1998], *lv denied* 93 NY2d 871 [1999]). Rather, that motion was premised on defendant's claim that his admissions during the Warren County plea colloquy were inadequate and he had insufficient time to confer with counsel; he now concedes that the allocution was sufficient to establish the elements of the crimes to which he pleaded guilty. At most, defendant asserted—in moving to withdraw his plea—that he had constitutional challenges to raise in the Washington County case, and that the two prosecutions were somehow related, not that he was relying on an appellate reversal of the Washington County conviction.

Further, the plea colloquy did not cast significant doubt on defendant's guilt or call into question the voluntariness of his plea so as to implicate the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). In any event, mistake in the inducement cannot be established absent misrepresentation or similar impermissible conduct by state agents and, thus, defendant is bound by his choice to plead guilty where the record does not reflect that such decision was induced by any misrepresentation and the plea was otherwise knowing, voluntary and intelligent (*see People v Griffin*, 89 AD3d 1235, 1237 [2011]; *People v Trank*, 58 AD3d 1076, 1077 [2009], *lv denied* 12 NY3d 860 [2009]).

Nor do we find the sentence imposed by County Court to be harsh or excessive taking into account that defendant's

maximum exposure on the counts for which he pleaded guilty was 18 years—which could have been imposed consecutively to his Washington County sentence. The sentence was well within the range promised by the court and was eminently reasonable, subjecting defendant to just 1½ years of additional prison time beyond his Washington County sentence. Further, taking into consideration defendant's lengthy criminal record, which spans several decades and multiple states, we perceive neither an abuse of discretion nor extraordinary circumstances that would warrant a reduction in his sentence (*see People v Merritt*, 96 AD3d 1169, 1172 [2012], *lv denied* 19 NY3d 1027 [2012]; *People v Hatchcock*, 96 AD3d 1082, 1085 [2012], *lv denied* 19 NY3d 997 [2012]).

Peters, P.J., Rose, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed.