Rose, J.P.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 26, 2010, convicting defendant upon his plea of guilty of the crimes of felony aggravated driving while intoxicated and misdemeanor driving while intoxicated.
In satisfaction of two multicount indictments, defendant entered a guilty plea to one count each of felony aggravated driving while intoxicated and misdemeanor driving while intoxicated. Prior to sentencing, defendant moved to withdraw his plea, asserting that he pleaded guilty in order to avoid being subjected to New York’s persistent felony offender statute, which was struck down as unconstitutional by a federal appellate court shortly after defendant entered his plea (see Besser v Walsh, 601 F3d 163, 188 [2d Cir 2010], cert denied 562 US —, 131 S Ct 342 [2010]). County Court denied the motion without a hearing and sentenced him in accordance with the plea agreement. This appeal ensued and we affirm.
There is no merit to defendant’s contention that, based upon Besser v Walsh (supra), the circumstances of his plea were changed and that, therefore, County Court abused its discretion in denying his motion to withdraw his plea. “[T]he law in New York as established by the Court of Appeals, to which this Court is bound, has continually upheld the constitutionality of the persistent felony offender sentencing scheme” (People v Griffin, 89 AD3d 1235, 1237 [2011]; accord People v Wicks, 73 AD3d 1233, 1236 n [2010], lv denied 15 NY3d 857 [2010]). Moreover, the ruling in Besser v Walsh (supra) is no longer the law in the Second Circuit as it was subsequently vacated following a rehearing en banc (see Portalatin v Graham, 624 F3d 69, 73 [2d Cir 2010], cert denied 562 US —, 131 S Ct 1693 [2011]; see also People v Griffin, 89 AD3d at 1237 n 2).
Defendant’s remaining contentions have been reviewed and are without merit.
Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.