Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered June 5, 2012, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s challenge to the factual sufficiency of the plea allocution is unpreserved for appellate review (see CPL 220.60 [3]; 470.05 [2]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Claudio, 64 NY2d 858 [1985]; People v Pellegrino, 60 NY2d 636, 637 [1983]; People v Barrett, 105 AD3d 862, 863 *970 [2013]). Moreover, the “rare case” exception to the preservation requirement does not apply here because the defendant’s allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea (People v Lopez, 71 NY2d at 666; People v Stone, 91 AD3d 977, 977 [2012] [internal quotation marks omitted]). In any event, the facts admitted by the defendant during his plea allocution were sufficient to support his plea of guilty to criminal sale of a controlled substance in the third degree (see People v Goldstein, 12 NY3d 295, 301 [2009]; People v Seeber, 4 NY3d 780, 781 [2005]).
Contrary to the defendant’s contention, the imposition of a $50 DNA databank fee at the time of sentencing was not illegal. The defendant was convicted of criminal sale of a controlled substance in the third degree, a “[designated offen[se]” as defined by Executive Law § 995 (7), which triggered the imposition of a $50 DNA databank fee (see Penal Law § 60.35 [1] [a] [v]; People v Cooper, 88 AD3d 1009, 1010 [2011]). Accordingly, the County Court properly imposed the $50 DNA databank fee at the time of sentencing. Skelos, J.P, Dickerson, Lott and Austin, JJ., concur.