Garry, J.
Appeal, by permission, from an order of the County Court of Ulster County (McGinty, J.), entered April 9, 2013, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of possessing an obscene sexual performance by a child, without a hearing.
Defendant waived indictment and pleaded guilty to a superior court information charging him with possessing an obscene sexual performance by a child. Defendant was thereafter sentenced, as agreed, to 10 years of probation. Five years later, defendant moved to vacate the judgment of conviction pursuant to CPL 440.10 (1) (h), arguing that his conduct did not constitute the offense to which he pleaded guilty. County Court denied defendant’s motion without a hearing. Defendant appeals, and we affirm.
Defendant contends that he merely viewed the illicit images on his computer and did not download, print or save them, and that he was unaware that they would be stored by his computer’s cache function. Relying upon People v Kent (19 NY3d 290 [2012]), defendant argues that, therefore, he cannot be guilty of the crime of possession of an obscene sexual performance by a child.*
“[A]bsent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise” (Brady v United States, 397 US 742, 757 [1970] [citation omitted]; accord People v Griffin, 89 AD3d 1235, 1237 [2011]; People v Trank, 58 AD3d 1076, 1077 [2009], lv denied 12 NY3d 860 [2009]). Here, defendant’s guilty plea was unequivocal, and his motion papers failed to present any evidence that *1169 tends to establish that his plea was less than a knowing, voluntary and intelligent choice among the alternatives available to him at that time (see People v Wilson, 101 AD3d 1248, 1249 [2012]). By his definitive admission of guilt, defendant thus waived his claim that the facts, as previously alleged by him, were not sufficient to establish the crime (see People v Cooper, 88 AD3d 1009, 1011 [2011], lv denied 17 NY3d 952 [2011]; People v Trank, 58 AD3d at 1077). Accordingly, we find that County Court did not abuse its discretion in denying defendant’s motion without a hearing.
Lahtinen, J.E, Stein and Rose, JJ., concur. Ordered that the order is affirmed.

 The Legislature subsequently amended the Penal Law (see L 2012, § 456).