The People of the State of New York, Respondent,
against
Rosendo Figueroa, Jr., Appellant.




Scott M. Bishop, for appellant.
Westchester County District Attorney (Jennifer Spencer and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Edward J. Gaffney, Jr., J., at plea; Evan Inlaw, J., at sentencing), rendered July 25, 2016. The judgment convicted defendant, upon his plea of guilty, of petit larceny and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with grand larceny in the fourth degree (Penal Law § 155.30 [4]) and criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [2]). Thereafter, on June 20, 2016, in anticipation of a guilty plea, the People moved to reduce the felony charge of grand larceny in the fourth degree to petit larceny (Penal Law § 155.25) and the felony charge of criminal possession of stolen property in the fourth degree to criminal possession of stolen property in the fifth degree (Penal Law § 165.40). Defense counsel consented to the reductions, and the City Court granted the application. Notations reflecting the reductions were made upon the face of the instrument. After waiving prosecution by information, defendant pleaded guilty to petit larceny in satisfaction of the accusatory instrument, and a misdemeanor conviction waiver of rights form was executed by defendant, his attorney, and the prosecutor. In a subsequent proceeding, on July 25, 2016, the court sentenced defendant to one year in jail, as promised pursuant to the negotiated plea agreement, and, in addition to issuing a permanent order of protection and imposing a state mandatory surcharge, it imposed a $50 DNA databank fee. On appeal, defendant contends that his guilty plea should be vacated since he did not enter into it knowingly, voluntarily, or intelligently and, as defendant argued below, the court should not have imposed the DNA databank fee since the state already had his DNA in the databank.
By failing to move in the City Court either to withdraw his guilty plea (see CPL 220.60 [*2][3]) or to vacate the judgment of conviction (see CPL 440.10), defendant failed to preserve the issues now raised on appeal pertaining to the validity of his plea (see People v Williams, 27 NY3d 212 [2016]; People v Leach, 26 NY3d 1154 [2016]; People v Clermont, 58 Misc 3d 152[A], 2018 NY Slip Op 50144[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). As defendant was sentenced one month after he had entered his plea of guilty, and as we find no suggestion from the allocution that the guilty plea was improvident or baseless since nothing said during the allocution cast significant doubt upon defendant's guilt, negated an essential element of the crime, or called into question the voluntariness of the plea, the narrow exceptions to the preservation requirement do not apply here (see People v Conceicao, 26 NY3d 375 [2015]; People v Louree, 8 NY3d 541 [2007]; People v Lopez, 71 NY2d 662, 666 [1988]). We decline to review these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]).
The DNA databank fee was triggered upon defendant's conviction for petit larceny, which is a "designated offense" as defined by Executive Law § 995 (7) (see Penal Law § 60.35 [1] [a] [v]). Moreover, Penal Law § 60.35 (1) (a) (v) does not preclude the imposition of subsequent DNA databank fees upon a defendant who has previously provided a DNA sample (see People v Godallah, 132 AD3d 1146 [2015]; People v Cooper, 88 AD3d 1009 [2011]).
Accordingly, the judgment of conviction is affirmed.
RUDERMAN, J.P., TOLBERT and BRANDS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk