People v Lawrence (2020 NY Slip Op 00004)





People v Lawrence


2020 NY Slip Op 00004


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

15096B

[*1]The People of the State of New York, Respondent,
v
Reginald Lawrence, Appellant.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Philip K. Grommet, Watervliet, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.



Devine, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered September 19, 2003, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant was found to be in possession of a small quantity of marihuana while he was serving time in prison. As a result, he was charged in an indictment with promoting prison contraband in the first degree and unlawful possession of marihuana. He made a pro se motion to dismiss the indictment that was denied. In 2003, defendant pleaded guilty to attempted promoting prison contraband in the first degree in satisfaction of the indictment and was sentenced as a second felony offender to 1½ to 3 years in prison, to run consecutively to the sentence that he was then serving. This Court affirmed his conviction on appeal and granted appellate counsel's request to be relieved of assignment (14 AD3d 885 [2005]).
In 2018, defendant made a motion to this Court for a writ of error coram nobis seeking to vacate the judgment of conviction on the ground that he was denied the effective assistance of appellate counsel. Specifically, defendant contended that the indictment charging him with promoting prison contraband in the first degree was jurisdictionally defective because the quantity of marihuana that he possessed did not constitute dangerous contraband, a material element of such crime (see Penal Law § 205.25), and that appellate counsel was ineffective for failing to make said argument. Finding merit to defendant's claim, this Court granted defendant's motion, vacated its prior order affirming the judgment of conviction and reinstated the appeal (2018 NY Slip Op 77018[U]).
Defendant asserts that the indictment is jurisdictionally defective based on the Court of Appeals' decision in People v Finley (10 NY3d 647 [2003]). In that case, the Court held that the possession of a small amount of marihuana, specifically less than 25 grams, did not, absent aggravating circumstances, constitute dangerous contraband within the meaning of Penal Law §§ 205.00 (4) and 205.25 as is necessary to support the charge of promoting prison contraband in the first degree (id. at 657-659; see People v Hines, 84 AD3d 1591, 1591 [2011]; People v Reeves, 78 AD3d 1332, 1333 [2010], lv denied 16 NY3d 835 [2011]; People v McCrae, 68 AD3d 1451, 1452 [2009]; People v Hurrell-Harring, 66 AD3d 1126, 1127 [2009]). Defendant contends that there is no valid basis in the indictment for this charge because he possessed less than 25 grams of marihuana. The People concede that this is a jurisdictional defect warranting reversal of the judgment of conviction. In addition, defendant requests that the indictment be dismissed in its entirety, and the People consent to such relief given that defendant's guilty plea satisfied both charges contained therein. Accordingly, based upon our review of the record, the case law and the parties' submissions, we conclude that the judgment of conviction must be reversed, thereby vacating the plea and sentence, and that the indictment must be dismissed in its entirety.
Lynch, J.P., Clark, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.