People v McLamore (2021 NY Slip Op 00926)





People v Mclamore


2021 NY Slip Op 00926


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


53 KA 17-00971

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT
v
JERRY MCLAMORE, DEFENDANT-APPELLANT. 






KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
DONALD G. O'GEEN, DISTRICT ATTORNEY, WARSAW (CHELSIE A. HAMILTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wyoming County Court (Michael M. Mohun, J.), rendered May 17, 2017. The judgment convicted defendant upon a nonjury verdict of promoting prison contraband in the first degree and conspiracy in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of promoting prison contraband in the first degree (Penal Law § 205.25 [1]) under count five of the indictment to promoting prison contraband in the second degree (§ 205.20 [1]) and vacating the sentence imposed on that count, and as modified the judgment is affirmed and the matter is remitted to Wyoming County Court for sentencing on that count.
Memorandum: Defendant appeals from a judgment convicting him after a bench trial of promoting prison contraband in the first degree (Penal Law § 205.25 [1]) and conspiracy in the fifth degree (§ 105.05 [1]). The charges arose from an incident in which correction officers seized several packages containing a form of synthetic marihuana from a visitor to the Wyoming Correctional Facility, where defendant was an inmate.
On appeal, defendant contends that the evidence is legally insufficient to establish that the substance in the packages constitutes "dangerous contraband" as required for the conviction of promoting prison contraband in the first degree (Penal Law § 205.25 [1]). We agree.
As relevant here, a person is guilty of promoting prison contraband in the first degree if he or she "knowingly and unlawfully introduces any dangerous contraband into a detention facility" (id.). The Court of Appeals has "conclude[d] that the test for determining whether an item is dangerous contraband is whether its particular characteristics are such that there is a substantial probability that the item will be used in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety or security" (People v Finley, 10 NY3d 647, 657 [2008]). "Generally, dangerous contraband refers to weapons . . . Items that facilitate escape are also dangerous contraband" (id. [internal quotation marks omitted]). Conversely, small amounts of marihuana, "unlike other contraband such as weapons, are not inherently dangerous and the dangerousness is not apparent from the nature of the item" (People v Flagg, 167 AD3d 165, 169 [4th Dept 2018]; see Finley, 10 NY3d at 657-658). Additionally, we note that the substance at issue here is a synthetic drug that mimics the effects of THC, the active ingredient in marihuana, and "the conclusion that . . . small amounts of marihuana . . . are not dangerous contraband is informed by the Legislature's more lenient treatment of marihuana offenses, as opposed to those involving other drugs" (Finley, 10 NY3d at 658). Although the People assert that the drugs at issue may lead to disputes over sales or to inmates becoming violent, they failed to establish that synthetic marihuana causes violence, death or other serious injury. Further, "general concerns about the drugs possessed that are not addressed to the specific use and effects of the particular drug are [*2]insufficient to meet the definition of dangerous contraband. Indeed, the determination of what types and quantities of drugs are 'dangerous contraband' per se is one that should be left to the legislature" (Flagg, 167 AD3d at 169; see also People v McCrae, 68 AD3d 1451, 1452 [3d Dept 2009]; see generally People v Stanley, 19 AD3d 1152, 1152-1153 [4th Dept 2005], lv denied 5 NY3d 856 [2005]). We therefore modify the judgment by reducing the conviction of promoting prison contraband in the first degree under count five of the indictment to promoting prison contraband in the second degree (Penal Law § 205.20 [1]; see CPL 470.15 [2] [a]) and vacating the sentence imposed on that count, and we remit the matter to County Court for sentencing on that conviction (see Flagg, 167 AD3d at 170).
We have considered defendant's remaining contention concerning the legal sufficiency of the evidence, and we conclude that it does not require reversal or further modification of the judgment of conviction. We note, however, that the uniform sentence and commitment sheet fails to state that defendant was convicted of conspiracy in the fifth degree (Penal Law § 105.05 [1]), and thus it must be amended to reflect that conviction (see People v Facen, 71 AD3d 1410, 1411 [4th Dept 2010], lv denied 15 NY3d 749 [2010], reconsideration denied 15 NY3d 804 [2010]). Finally, we note that the uniform sentence and commitment sheet incorrectly states that defendant was convicted upon a plea of guilty, and thus it must be further amended to reflect that the conviction was entered after a nonjury trial (see generally People v Curtis, 162 AD3d 1758, 1758 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court