People v Turner (2022 NY Slip Op 01207)





People v Turner


2022 NY Slip Op 01207


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

110835
[*1]The People of the State of New York, Respondent,
v
Armster Turner, Appellant.

Calendar Date:January 11, 2022

Before:Garry, P.J., Lynch, Pritzker and Colangelo, JJ.

Clea Weiss, Ithaca, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Chemung County (Rich Jr., J.), rendered September 28, 2018, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
On July 29, 2017, a correction officer observed defendant, an incarcerated individual, and his visitor acting suspiciously, prompting the correction officer to inspect certain garbage that the visitor discarded after the visit. Upon doing so, the correction officer discovered five half-inch balls of synthetic marihuana in wrappers. As a result of the incident, defendant was charged in an indictment with promoting prison contraband in the first degree. Defendant subsequently filed an omnibus motion seeking to, among other things, dismiss the indictment pursuant to CPL 210.30 arguing that the evidence presented to the grand jury was legally insufficient to support the charge because synthetic marihuana does not constitute dangerous contraband. County Court denied the motion, finding that there was sufficient evidence presented to support a reasonable belief that synthetic marihuana constituted dangerous contraband. Thereafter, in full satisfaction of the indictment, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree. Defendant was sentenced, as a second felony offender, to the agreed-upon prison term of 1½ to 3 years. Defendant appeals, contending that the indictment was jurisdictionally defective because synthetic marihuana does not constitute dangerous contraband.
Although a guilty plea does not waive jurisdictional defects in the indictment (see People v Iannone, 45 NY2d 589, 600 [1978]; People v Cruz, 104 AD3d 1022, 1023 [2013]; People v Hurell-Harring, 66 AD3d 1126, 1127 n 1 [2009]), the indictment here was not jurisdictionally defective. "An indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v D'Angelo, 98 NY2d 733, 734-735 [2002]; see People v Ray, 71 NY2d 849, 850 [1988]; People v Iannone, 45 NY2d at 600; People v West, 189 AD3d 1981, 1983 [2020], lv denied 37 NY3d 975 [2021]). A person is guilty of the crime of promoting prison contraband in the first degree when, "[b]eing a person confined in a detention facility, he [or she] knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). "'Dangerous contraband' means contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]).
The Court of Appeals has articulated that "the test for determining whether an item is dangerous contraband is whether its particular characteristics are such that there is a substantial probability that the item will be used [*2]in a manner that is likely to cause death or other serious injury, to facilitate an escape, or to bring about other major threats to a detention facility's institutional safety or security" (People v Finley, 10 NY3d 647, 657 [2008]; accord People v Flagg, 167 AD3d 165, 167 [2018]; People v Green, 119 AD3d 23, 26 [2014], lv denied 23 NY3d 1062 [2014]). As relevant here, the Court of Appeals has held that possession of a non-criminal, small amount of marihuana by an incarcerated individual within a detention facility does not constitute possession of dangerous contraband (see People v Finley, 10 NY3d at 658; People v Trank, 58 AD3d 1076, 1077 [2009], lv denied 12 NY3d 860 [2009]).[FN1]
Analogizing synthetic marihuana with marihuana, defendant avers that possession of a small amount of synthetic marihuana does not constitute possession of dangerous contraband and that the indictment therefore did not allege every element of the charged crime. Even if we were to agree with defendant that synthetic marihuana should be deemed the equivalent of marihuana (see People v McLamore, 191 AD3d 1413, 1414-1415 [4th Dept 2021] [conjecturing that synthetic marihuana should be viewed in the same manner as marihuana, given that the former "is a synthetic drug that mimics the effects of THC, the active ingredient in marihuana"], lv denied 37 NY3d 958 [2021]), the indictment made no mention of the quantity of synthetic marihuana that defendant possessed, and, as defendant recognizes, the presence of aggravating circumstances and/or possession of "larger amounts of [synthetic] marihuana could constitute dangerous contraband" (People v Trank, 58 AD3d at 1077; see People v Finley, 10 NY3d at 658). Thus, "[t]he failure of the indictment to allege the quantity of [synthetic] marihuana did not constitute a jurisdictional defect. Because the supposed defect in the indictment was not jurisdictional, it was waived by defendant's knowing and voluntary guilty plea" (People v Trank, 58 AD3d at 1077 [citation omitted]; see People v Iannone, 45 NY2d at 600).
To the extent that defendant argues that synthetic marihuana is not dangerous contraband per se because it is inherently not dangerous in any amount, we decline to so hold, as "the determination of what types and quantities of drugs [that] are 'dangerous contraband' per se is one that should be left to the [L]egislature" (People v McLamar, 191 AD3d at 1415 [internal quotation marks and citation omitted]). Moreover, the record evidence before us indicates that the use of synthetic marihuana can cause aggressiveness, unpredictable behavior, paranoia and temporary psychosis — all of which "may endanger the safety or security of a detention facility or any person therein" (Penal Law § 205.00 [4]; see 21 CFR 1308.11 [d] [31]; [g], [h] [scheduling synthetic cannabinoids into schedule I of the federal Controlled Substances Act]; New York State Department of Health, Synthetic Marijuana, https://www.health.
ny.gov/professionals/narcotic[*3]/synthetic_cannabinoids/ [Sept. 2015]; New York City, Health, K2 — Synthetic Cannabinoids, https://www1.nyc.gov/site/doh/health/health-topics/k2 [last accessed Jan. 31, 2022]).
Garry, P.J., Lynch and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Although the possession of synthetic marihuana is a violation (see Public Health Law § 229; 10 NYCRR 9-1.2; People v Morehouse, 183 AD3d 1180, 1182 [2020], lv denied 35 NY3d 1068 [2020]), the Court of Appeals has rejected the position "that the distinction between contraband and dangerous contraband turns on whether an item is legal or illegal outside of prison" (People v Finley, 10 NY3d at 658 n 8). The Court has also expressly left open the question of whether illegal quantities of marihuana could be deemed dangerous contraband (see People v Finley, 10 NY3d at 658 & n 8; People v Cooper, 67 AD3d 1254, 1256 [2009], lv denied 14 NY3d 799 [2010]).