People v Holmes-Austin (2025 NY Slip Op 03021)

People v Holmes-Austin

2025 NY Slip Op 03021

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Ind. No. 00200/20, 00057/20|Appeal No. 3263|Case No. 2021-03567|

[*1]The People of the State of New York, Respondent,
v
Justin Holmes-Austin, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Ronald Zapata of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Christian Rose of counsel), for respondent.

Judgment, Supreme Court, New York County (Ann E. Scherzer, J.), rendered September 10, 2021, convicting defendant, upon his plea of guilty of criminal sale of a firearm and conspiracy in the fourth degree, and sentencing him to concurrent prison terms of 10 years and 1 1/3 to 4 years, unanimously affirmed.
Defendant was charged by indictment with conspiracy in the fourth degree (Penal Law § 105.10[1]), conspiracy in the fifth degree (Penal Law § 105.05[1]), criminal sale of a firearm in the first degree (Penal Law § 265.13[2]), 34 counts of criminal sale of a firearm in the third degree (Penal Law § 265.11[1]), attempted criminal sale of a firearm in the third degree (Penal Law §§ 110, 265.11[1]), 24 counts of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), and 3 counts of criminal possession of a weapon in the third degree (Penal Law § 265.02[7]). Specifically, it was alleged that from approximately March 2018 to January 2020, defendant led a gun-trafficking operation in which he brought guns from Georgia and sold them in Manhattan, Queens, and the Bronx.
On June 23, 2021, defendant entered a plea of guilty to criminal sale of a firearm in the first degree and conspiracy in the fourth degree, with the conspiracy charge based on the overt acts alleged in the indictment relating to defendant's sale of three firearms to an undercover officer on March 28, 2019.
On appeal, defendant argues that count 3 of the indictment charging him with criminal sale of a firearm in the first degree was jurisdictionally defective. Defendant contends that the count's allegation that he committed gun-related crimes "during the period from on or about January 6, 2019 to on or about January 6, 2020" accused him of unlawful activity during a period of a year and one day as opposed to the period of "not more than one year" specified in the criminal sale of a firearm in the first degree statute (Penal Law § 265.13[2]).[FN1] Defendant argues that this is a jurisdictional defect, which requires dismissal of count 3 of the indictment. The People offer no clear explanation as to why the period stated is January 6, 2019 to January 6, 2020.
Preliminarily, a challenge to a count's jurisdictional sufficiency may be raised for the first time on appeal (see People v Saenger, 39 NY3d 433, 438 [2023], quoting People v Iannone, 45 NY2d 589, 600-601 [1978]). "A count is jurisdictionally defective 'only if it does not effectively charge the defendant with the commission of a particular crime,' such as where it 'fails to allege that a defendant committed acts constituting every material element of the crime charged' or the 'acts it accuses defendant of performing simply do not constitute a crime'" (Saenger, 39 NY3d at 438, quoting Iannone, 45 NY2d at 600).
The cases cited by the parties illustrate this principle, as they feature accusatory instruments that did not effectively charge defendant with a crime and were therefore incapable of cure, thereby resulting [*2]in dismissal (see People v Solomon, 203 AD3d 1468, 1469 [3d Dept 2022], affd 39 NY3d 1114 [2023] [Supreme Court information charging the defendant with endangering the welfare of a child under the age of 17 found to be jurisdictionally defective where instrument erroneously alleged victim to be 17 years old, as it did not effectively charge the defendant with commission of a crime despite fact that victim was 15 at time of offense and that previous, consolidated indictment had been successfully amended to cure same error]; see also People v Lawrence, 179 AD3d 1155, 1156 [3d Dept 2020][indictment for promoting prison contraband jurisdictionally defective where quantity of marijuana the defendant alleged to have possessed did not satisfy threshold for "dangerous contraband" element of offense]; People v Stewart, 92 AD3d 1146, 1147 [3d Dept 2012][reversing convictions for unlicensed operation of motor vehicle where misdemeanor information alleged, at the time of offense, the defendant was operating vehicle in parking lot, which does not constitute a "public highway" as required by the statute at issue]).
By contrast, not every failure of a count to meet Penal Law requirements will result in a dismissal, "inasmuch as the defect may be cured in some circumstances by providing the missing information in the bill of particulars" (People v Morris, 61 NY2d 290, 293 [1984], citing Iannone, 45 NY2d at 597, 598; People v Fitzgerald, 45 NY2d 574, 579-580 [1978], and People v Bogdanoff, 254 NY 16, 24 [1930]). An essential purpose of an indictment is to provide "the defendant with fair notice of the accusations made against him, so that he will be able to prepare a defense" (Iannone, 45 NY2d at 594). Accordingly, to render a count jurisdictionally sufficient, "[t]he indictment, or the bill of particulars, must state such specifics 'as may be necessary to give defendant and the court reasonable information as to the nature and the character of the crime charged'" (Morris, 61 NY2d at 294, quoting Bogdanoff, 254 NYat 24).
This is a unique case where the challenged count failed to allege the necessary temporal element of the crime, but the allegations in other parts of the indictment and bill of particulars clearly informed defendant that the alleged gun sales occurred within the statutory timeframe.[FN2]
Count 3 of the indictment states in pertinent part:
And the Grand Jury . . . further accuses the defendant Justin-Holmes Austin of the crime of Criminal Sale of a Firearm in the First Degree, in violation of Penal Law § 265.13(2), committed as follows:
The defendant, in the County of New York and elsewhere, during the period from on or about January 6, 2019, to on or about January 6, 2020, unlawfully sold, exchanged, gave and disposed of ten or more firearms to a police officer known to the Grand Jury.
In contrast to count 3's blanket allegation, count 1 of the indictment specifically alleges overt acts that occurred between January 6, 2019 and January 6, 2020.[FN3] [*3]It alleges that defendant sold 33 firearms to an undercover police officer on 18 different occasions over 284 days of the stated period. The inclusion of specific dates, beginning March 28, 2019, and ending January 6, 2020, with the number of firearms sold, establishes that the challenged conduct occurred within a one-year period. Because count 3 does not allege any 2018 sales, and the indictment specifically alleges that the 2019 sales began in March, the indictment sufficiently apprised defendant that count 3 pertained to the sales from March 28, 2019 through January 6, 2020, thereby satisfying the Penal Law's requirement that the sales occur within a year. Thus, the indictment cured what was otherwise a defective count (see People v Sans, 26 NY3d 13, 17 [2015] [accusatory instrument's failure to allege that gravity knife locked in place by means of a device (a required element under the Penal Law) did not render the instrument jurisdictionally defective where it otherwise alleged that knife, once opened, locked without further manual action][FN4]; cf. People v Winston, 205 AD3d 32, 38 [1st Dept 2022] [finding jurisdictionally defective, and dismissing, indictment's hate crime counts that omitted allegations of material element that the defendant used a deadly weapon or deadly instrument in committing the crimes, notwithstanding that prosecution presented evidence of such use during grand jury proceedings]).
Here, the indictment as well as the bill of particulars fulfilled the essential function of providing fair notice (see Saenger, 39 NY3d at 438) as defendant or counsel could easily discern that the time element of the statute set forth in the indictment count trumped any minor deviation in the count's factual allegations. Defendant's argument that the use of approximate dates of "on or about" January 6, 2019 to "on or about" January 6, 2020, could be construed as taking place beyond the requisite one-year element, is without merit. First, the use of the language "on or about" is an accepted term of art when alleging dates. However, as stated above, the indictment did in fact set forth specific dates for each of the alleged sales, beginning March 28, 2019 and concluding January 6, 2020. Moreover, the dates described in the factual allegations were subject to amendment (see Winston, 205 AD3d at 39).
Finally, we note that prior to pleading guilty, defendant viewed the undercover officer's video recordings of the sales from March 28, 2019 (three firearms), April 16, 2019 (two firearms), May 28, 2019 (three firearms), and June 17, 2019 (four firearms), which informed defendant of the People's satisfaction of the ten firearm and one-year elements of the first-degree criminal sale charge.
Defendant's valid waiver of the right to appeal forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*4].
ENTERED: May 20, 2025

Footnotes

Footnote 1: The statute was amended, effective May 9, 2022 (a year after the conviction), to lower the number of firearms from ten to three.

Footnote 2: It is undisputed that count 3 satisfied the quantity element of the offense — ten or more guns sold to the officer within the statutory timeframe — and that the crux of this appeal is whether it failed to allege that the sales occurred within the year-long period required by the Penal Law. 

Footnote 3: The indictment also alleges that defendant made two sales in 2018, one each in April and July, each of one firearm. 

Footnote 4: We note that the Sans case concerned a misdemeanor accusatory instrument, but that distinction is not relevant on the issue of whether an accusatory instrument is jurisdictionally defective.