■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO OPPENHEIMER, Appellant. [658 NYS2d 1014] —Appeal by the defendant from a judgment of the County Court, Westchester County (Carey, J.), rendered June 24, 1994, convicting him of robbery in the first degree, grand larceny in the third degree, and attempted robbery in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 15 years to life imprisonment on the conviction of robbery in the first degree, 10 years to life imprisonment on the conviction of grand larceny in the third degree, and 12 years to life imprisonment on the conviction of attempted robbery in the first degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the conviction of grand larceny in the third degree under the second count of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for resentencing on that count in compliance with Penal Law §§ 60.05 and 70.06.

The defense counsel's failure to take action on the defendant's desire to testify before the Grand Jury does. not, on this record, amount to the denial of the effective assistance of counsel *(see, People v Wiggins,* 89 NY2d 872; *People v Rogers,* 228 AD2d 623; *People v Sturgis,* 199 AD2d 549; *cf., People v Jimenez,* 180 AD2d 757).

However, as the People correctly concede, the defendant was improperly sentenced as a persistent violent felony offender upon his conviction for grand larceny in the third degree, when he should have been sentenced as a second felony offender on that count *(see,* Penal Law §§ 60.05, 70.06). Therefore, the matter is remitted to the County Court, Westchester County, for proper sentencing on that count. The sentences imposed on the remaining counts were not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either not properly before this Court on appeal *(see, People v Bachert,* 69 NY2d 593; *People v Armstrong,* 237 AD2d 452; *People v Grossfeld,* 216 AD2d 319), or are without merit. O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.