■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MINGO, Appellant. [925 NYS2d 865]—Appeal by the defendant from a resentence of the Supreme Court, Queens County (Lewis, J.), imposed September 26, 2008, upon his convictions of burglary in the first degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict.

Ordered that the resentence is affirmed.

The defendant waived his claim that his adjudication as a second felony offender was improper on the ground that his prior conviction was unconstitutionally obtained because the sentence to which he agreed was illegal, as he did not raise that issue at the resentencing proceeding (*see* CPL 400.21 [7] [b]; *cf. People v Ashley*, 71 AD3d 1286, 1287 [2010], *affd* 16 NY3d 725 [2011]). The defendant's claim that the prior conviction was unconstitutionally obtained because the plea of guilty to that crime was coerced is without merit. Even if the defendant's testimony at the predicate felony offender hearing was credited, it would not establish that the defendant's plea of guilty was not valid (*see People v Sanchez-Martinez*, 35 AD3d 632, 633 [2006]; *People v Outer*, 197 AD2d 543, 544 [1993]).

The defendant's claim that the Supreme Court had the discretion to resentence him on the counts that were not defective is without merit (*see* CPL 440.20). The defendant's claim that the court did not have jurisdiction to resentence him at all is likewise without merit (*cf. People v Lingle*, 16 NY3d 621 [2011]). The defendant's remaining contention raised in his pro se supplemental brief is not properly before this Court. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.