■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BUCKY A. BOULA, Appellant. [966 NYS2d 259]—

Rose, J.P. Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered February 28, 2011, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the second degree, unlawful manufacture of methamphetamine in the third degree and conspiracy in the second degree.

After a mobile methamphetamine laboratory was discovered in the bathroom of defendant's motel room, he was arrested and charged by indictment with the crimes of criminal possession of a controlled substance in the second degree (count 1), unlawful manufacture of methamphetamine in the third degree (count 2) and conspiracy in the second degree (count 3). Defendant's motion to dismiss the indictment on the ground that count 3 was jurisdictionally defective was denied and, thereafter, the People moved to amend that count of the indictment (*see* CPL 200.70). County Court granted the People's motion, finding that the requested amendment did not change the People's theory as presented to the grand jury. Subsequently, defendant entered a plea of guilty to all counts of the indictment and was later sentenced, as a second felony drug offender with a prior violent felony conviction, to an aggregate prison term of 15 to 20 years to be followed by a period of postrelease supervision. He was also ordered to pay restitution. Defendant now appeals.

We find merit to defendant's argument that the indictment was jurisdictionally defective, a claim which is not foreclosed by his guilty plea (*see People v Hansen*, 95 NY2d 227, 230 [2000]; *People v Motley*, 69 NY2d 870, 871-872 [1987]; *People v Griswold*, 95 AD3d 1454, 1454 [2012], *lv denied* 97 NY3d 997 [2012]). It is well settled that " '[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution' " (*People v Dreyden*, 15 NY3d 100, 103 [2010], quoting *People v Case*, 42 NY2d 98, 99 [1977] [citation omitted];

*accord People v Jackson,* 18 NY3d 738, 741 [2012]). An indictment is jurisdictionally defective " 'if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all' " (*People v Slingerland,* 101 AD3d 1265, 1266 [2012], *lv denied* 20 NY3d 1104 [2013], quoting *People v Hansen,* 95 NY2d at 231; *see People v Iannone,* 45 NY2d 589, 600 [1978]; *People v Polanco,* 2 AD3d 1154, 1154 [2003]).

Here, count 3 of the indictment charged defendant with conspiracy in the second degree, a crime which requires an "intent that conduct constituting a class A felony be performed" (Penal Law § 105.15). While count 3 references the relevant statutory section for conspiracy in the second degree and expressly states that defendant acted "with intent that conduct constituting a class A felony be performed," it does not include any statutory reference to the class A felony listed in count 1 of the indictment. Rather, the factual allegations—that "defendant did agree with [another] to unlawfully manufacture, prepare or produce methamphetamine"—are taken from count 2 of the indictment, which charged the class D felony of unlawful manufacturing of methamphetamine in the third degree (*see* Penal Law § 220.73). The unlawful manufacture of methamphetamine, even in the first degree, does not constitute a class A felony (*see* Penal Law § 220.75), and third-degree unlawful manufacture of methamphetamine, as charged in count 2 of the indictment, could only be grounds for a charge of conspiracy in the fifth degree, a class A misdemeanor (*see* Penal Law §§ 105.05, 220.73).

While it is true that "[t]he incorporation [in an indictment] by specific reference to the statute [defining the crime charged] operates without more to constitute allegations of all the elements of the crime required by explicit provision of the statute itself or by judicial gloss overlaid thereon" (*People v Cohen,* 52 NY2d 584, 586 [1981]; *see People v D'Angelo,* 98 NY2d 733, 735 [2002]; *People v Ray,* 71 NY2d 849, 850 [1988]), such reference may be negated, as it was here, by the inclusion of conduct that does not constitute the crime charged (*see People v Hurell-Harring,* 66 AD3d 1126, 1128 n 3 [2009]; *compare People v Motley,* 69 NY2d at 872). Accordingly, count 3 of the indictment was jurisdictionally defective because it failed to effectively charge defendant with the commission of a crime. Count 3 must be dismissed, therefore, and defendant's sentence on that count must be vacated (*see People v Hines,* 84 AD3d 1591, 1591-1592 [2011]; *People v Reeves,* 78 AD3d 1332, 1333 [2010], *lv denied*

16 NY3d 835 [2011]; *People v Hurell-Harring*, 66 AD3d at 1127-1128).

While not essential to our holding, it bears noting that the People's efforts to cure the jurisdictional defect in count 3 of the indictment were not authorized by the terms of CPL 200.70. Pursuant to CPL 200.70 (1), a trial court may permit an indictment to be amended "with respect to defects, errors or variances from the proof relating to matters of form, time, place, names of persons and the like," so long as the amendment does not change the theory of the prosecution as presented to the grand jury or otherwise tend to prejudice a defendant on the merits. Significantly, however, CPL 200.70 (2) prohibits any amendment of the indictment when, among other things, the amendment is needed in order to cure a failure to charge or state an offense (*see* CPL 200.70 [2] [a]). In short, "notwithstanding the fact that the [g]rand [j]ury minutes support a charge, the indictment cannot be amended to cure one of the defects specified in [CPL 200.70 (2)]" (Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.70 at 18; *see e.g. People v Struts*, 281 AD2d 655, 656 [2001]). Here, the amendment effectively cured the failure to charge the crime of conspiracy in the second degree and, therefore, was prohibited by CPL 200.70 (2), regardless of any consistency with the People's theory before the grand jury (*see People v Perez*, 83 NY2d 269, 276 [1994]).

Defendant also contends, and the People concede, that the sentence imposed on count 2 of the indictment is illegal. The maximum permissible term of postrelease supervision for unlawful manufacture of methamphetamine in the third degree is two years (*see* Penal Law §§ 70.70 [4] [b]; 70.45 [2] [c]; 220.73 [1]). Thus, County Court's imposition of a three-year term of postrelease supervision is not an authorized sentence pursuant to Penal Law § 70.45, and the judgment must be modified accordingly and the matter remitted for resentencing on that count (*see People v Mao-Sheng Lin*, 84 AD3d 1595, 1595 [2011]; *People v Guay*, 72 AD3d 1201, 1205 [2010], *affd* 18 NY3d 16 [2011]). We are not persuaded, however, that defendant was improperly sentenced as a second felony offender. Although he now contends that the sentences imposed on his predicate felony convictions were illegal, "a sentencing defect does not invalidate a prior conviction for purposes of adjudicating defendant's subsequent felony offender status" (*People v Ashley*, 71 AD3d 1286, 1287 [2010], *affd* 16 NY3d 725 [2011]; *see People ex rel. Emanuel v McMann*, 7 NY2d 342, 344-345 [1960]; *People v Mingo*, 85 AD3d 1061, 1061 [2011], *lv denied* 17 NY3d 954 [2011]).

Our review of defendant's contention that his sentence is harsh and excessive is limited to the terms of the sentence that are not affected by our conclusion that count 3 of the indictment must be dismissed and the term of postrelease supervision imposed on count 2 must be vacated. In light of defendant's significant criminal history and the dangerous nature of his activities, we find no abuse of discretion or extraordinary circumstances warranting reduction of the sentence (*see People v Kendall*, 91 AD3d 1191, 1193 [2012]; *People v Sawinski*, 294 AD2d 667, 669 [2002], *lv denied* 98 NY2d 701 [2002]). We have considered defendant's remaining contentions and find them to be unavailing.

Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing defendant's conviction of conspiracy in the second degree under count 3 of the indictment and vacating defendant's sentence for unlawful manufacture of methamphetamine in the third degree under count 2 of the indictment; count 3 dismissed and the sentence imposed thereon vacated, and matter remitted to the County Court of Clinton County for resentencing on count 2; and, as so modified, affirmed.