■ The People of the State of New York, Respondent, v Stephen Roberts, Appellant. [9 NYS3d 124]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered July 1, 2011, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence with respect to his conviction of attempted assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant attempted

to seriously and permanently disfigure the complainant (*see* Penal Law §§ 110.00, 120.10 [1]; 10.00 [10]; *People v Kassebaum*, 95 NY2d 611, 618 [2001]; *People v Bracey*, 41 NY2d 296, 301 [1977]; *People v Ragguete*, 120 AD3d 717, 718 [2014]; *People v Serrano*, 74 AD3d 1104, 1105-1106 [2010]; *People v Malcolm*, 74 AD3d 1483 [2010]; *People v Samwell*, 287 AD2d 663 [2001]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Similarly unavailing are the defendant's contentions regarding ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]), and his sentencing as a persistent violent felony offender (*see People v Boyer*, 22 NY3d 15 [2013]; *People v Naughton*, 93 AD3d 809 [2012]). The defendant's challenge to the accuracy of the pre-sentence investigation report, raised in his pro se supplemental brief, is not properly before this Court (*see Matter of Antonucci v Nelson*, 298 AD2d 388 [2002]; *People v Harris*, 187 Misc 2d 591, 592 [Sup Ct, Kings County 2001]; *see e.g. People v Serrano*, 81 AD3d 753, 754 [2011]). The defendant's claim of ineffective assistance of appellate counsel, also raised in his pro se supplemental brief, cannot, under the circumstances, be reviewed by this Court on direct appeal (*see People v Bachert*, 69 NY2d 593, 595-596 [1987]; *People v Oppenheimer*, 240 AD2d 437, 438 [1997]).

However, as the People correctly concede, the People were improperly permitted to amend the count of the indictment alleging assault in the second degree (*see* CPL 200.70 [2]; *People v Perez*, 83 NY2d 269 [1994]; *People v Boula*, 106 AD3d 1371, 1373 [2013]). Therefore, the defendant's conviction of assault in the second degree is vacated, the sentence imposed thereon is vacated, and that count of the indictment is dismissed. Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.