■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEAIR JAMAU RIDENHOUR, Appellant. [60 NYS3d 449]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Neary, J.), rendered June 25, 2014, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

On October 19, 2013, at an auto shop in Ossining, the victim was stabbed in the throat. Although the victim refused to cooperate with law enforcement officials, based on statements from two eyewitnesses, the defendant was arrested in connection with the incident and charged with criminal possession of a weapon in the third degree. After a jury trial, he was found guilty of that crime.

The defendant contends that the County Court erred in permitting a detective to testify regarding various statements made by the victim during the course of the investigation. However, the contention is without merit because the statements were admitted not for their truth, but rather, to explain the detective's conduct during the course of the investigation (see People v Dorcinvil, 122 AD3d 874, 876 [2014]; People v Rahman, 119 AD3d 820, 820-821 [2014]).

The defendant also contends that the County Court erred in admitting testimony regarding the victim's refusal to provide a buccal swab and to sign a HIPAA release. This contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Dorcinvil, 122 AD3d at 876; People v Perez, 120 AD3d 514 [2014]). In any event, it is without merit, since the testimony was relevant to establishing the narrative and explaining the investigation (see People v Dorcinvil, 122 AD3d at 876; People v Rahman, 119 AD3d at 820-821; People v Reynolds, 46 AD3d 845, 845 [2007]).

However, the defendant correctly contends that the County Court improvidently exercised its discretion with respect to that part of its Sandoval ruling (People v Sandoval, 34 NY2d 371 [1974]) which determined that, if the defendant chose to testify at trial, the People would be permitted to cross-examine him regarding a prior uncharged crime. Specifically, the People sought to cross-examine the defendant regarding an attempted murder investigation that occurred on August 24, 2013 (hereinafter the August 2013 incident), wherein the same victim had

been slashed across the throat with a knife. The defendant was not charged in connection with the August 2013 incident. Nonetheless, the People asserted that they had a good-faith basis to inquire because, in 911 calls made in connection with the instant crime, reference was made by unidentified individuals to a "second time" that the defendant had tried to stab the victim. The People further asserted that they had a recorded conversation with the victim wherein the victim "referenced" the August 2013 incident. It is undisputed, however, that the victim has never identified his attacker and has consistently refused to cooperate with law enforcement officials. The court's *Sandoval* ruling, inter alia, permitted use of the August 2013 incident, as well as the underlying facts, as impeachment material in the event the defendant chose to testify at trial. The defendant did not testify at trial.

"[A] criminal defendant who chooses to testify, like any other civil or criminal witness, may be cross-examined regarding prior crimes and bad acts that bear on credibility, veracity or honesty" (*People v Marable*, 33 AD3d 723, 725 [2006], quoting *People v Hayes*, 97 NY2d 203, 207 [2002]; *see People v Sandoval*, 34 NY2d 371 [1974]). Although questioning concerning other crimes and past conduct is not automatically precluded simply because the crime or conduct inquired about is similar to the crime charged (*see People v Hayes*, 97 NY2d at 208; *People v Walker*, 83 NY2d 455, 459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]), "cross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged may be highly prejudicial, in view of the risk, despite the most clear and forceful limiting instructions to the contrary, that the evidence will be taken as some proof of the commission of the crime charged rather than be reserved solely to the issue of credibility" (*People v Sandoval*, 34 NY2d at 377; *see People v Brothers*, 95 AD3d 1227, 1228-1229 [2012]). Thus, "a balance must . . . be struck between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility on the one hand, and on the other the risk of unfair prejudice to the defendant, measured both by the impact of such evidence if it is admitted after his testimony and by the effect its probable introduction may have in discouraging him from taking the stand on his own behalf" (*People v Sandoval*, 34 NY2d at 375). Under the circumstances presented here, most notably the unsubstantiated evidence connecting the defendant to the uncharged crime involving the identical victim, which occurred three months earlier, the probative value was far outweighed by the danger of undue prejudice. There was a strong likelihood that the

uncharged crime would be viewed as evidence of propensity, rather than probative on the issue of credibility (*see People v Calderon*, 146 AD3d 967, 972 [2017]). The County Court therefore improvidently exercised its discretion in ruling that the People would be permitted to use the August 2013 incident for impeachment purposes. Moreover, the error was not harmless (*see People v Grant*, 7 NY3d 421, 423 [2006]; *People v Williams*, 56 NY2d 236, 240-241 [1982]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]), as the evidence at trial was not overwhelming and, inasmuch as the pretrial ruling affected the defendant's decision to not testify, the ruling thereby deprived the jury of potentially significant material evidence (*see People v Grant*, 7 NY3d at 424; *People v Williams*, 56 NY2d at 241; *People v Calderon*, 146 AD3d at 971).

In light of our determination, we need not reach the defendant's remaining contentions. Hall, J.P., Roman, Cohen and Barros, JJ., concur.