People v Solomon (2022 NY Slip Op 02158)





People v Solomon


2022 NY Slip Op 02158


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

112441
[*1]The People of the State of New York, Respondent,
v
Yermia Solomon, Also Known as Jeremy Solomon, Appellant.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Law Offices of Michael Mullen, New York City (Leopold Gross of counsel), for appellant.
Meagan K. Galligan, District Attorney, Monticello (Lisa M. Bondarenka of counsel), for respondent.



Fisher, J.
Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered August 10, 2018, convicting defendant upon his plea of guilty of the crime of endangering the welfare of a child.
Defendant was charged by indictment with criminal sexual act in the third degree (three counts), rape in the third degree (two counts) and official misconduct [FN1] stemming from allegations that, on November 13, 2016, defendant, then a 24-year-old police officer, engaged in oral sexual conduct with a 15-year-old victim. Although the victim was born on March 13, 2001, the charges in the indictment incorrectly stated that her date of birth was June 2, 1999, thereby indicating that the victim was over the age of 17 at the time of the alleged offenses. The People twice moved to amend the indictment to correct the victim's date of birth (see CPL 200.70 [1]). County Court granted the People's second motion on the grounds that such error was typographical in nature and that the People did not fail to allege every element of the crimes charged in the indictment or alter the theory of prosecution.
Subsequently, in full satisfaction of the amended indictment, which was consolidated with a superior court information for the purposes of a plea agreement (see CPL 200.20), defendant agreed to be prosecuted by the aforementioned superior court information charging him with endangering the welfare of a child. However, the superior court information repeated the same error that existed in the indictment prior to its amendment, incorrectly stating the victim's date of birth to be June 2, 1999, thereby making her over the age of 17 at the time of the alleged offenses. Defendant entered a guilty plea to endangering the welfare of a child and waived his right to appeal. Pursuant to the plea agreement, defendant was sentenced to three years of probation. Defendant appeals.
We find merit to defendant's argument, which survives his unchallenged appeal waiver and is not subject to preservation rules (see People v Coss, 178 AD3d 25, 27 [2019]; People v Chaney, 160 AD3d 1281, 1283 [2018], lv denied 31 NY3d 1146 [2018]), that the superior court information was jurisdictionally defective. A superior court information is jurisdictionally defective "if it does not effectively charge the defendant with the commission of a particular crime — for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v D'Angelo, 98 NY2d 733, 734-735 [2002]; accord People v Chaney, 160 AD3d at 1283; see People v Slingerland, 101 AD3d 1265, 1266 [2012], lv denied 20 NY3d 1104 [2013]). "While it is true that the incorporation [in a superior court information] by specific reference to the statute operates without more to constitute allegations of all the elements of the crime[,] . . . such reference may be negated . . . by the inclusion of conduct [or a specific allegation] that does not constitute the crime charged"[*2](People v Boula, 106 AD3d 1371, 1372 [2013] [internal quotation marks, brackets and citations omitted], lv denied 21 NY3d 1040 [2013]; see People v Chaney, 160 AD3d at 1283; People v Hurell-Harring, 66 AD3d 1126, 1128 n 3 [2009]).
Here, the superior court information specifically cited and charged defendant with endangering the welfare of a child under Penal Law § 260.10 (1), which provides that "[a] person is guilty of endangering the welfare of a child when . . . [h]e or she knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1]). However, the superior court information also alleged that, "[o]n or about November 13, 2016, . . . the defendant . . . did knowingly act in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old, . . . having a date of birth of 6/2/1999, by engaging in oral sexual conduct with" the victim. Inasmuch as the offense of endangering the welfare of a child requires that the victim be less than 17 years old, we find that the superior court information was jurisdictionally defective because it failed to effectively charge defendant with the commission of a crime where the date of birth indicated that the victim was 17 at the time of the offense (see People v D'Angelo, 98 NY2d at 734-735; People v Boula, 106 AD3d at 1372; People v Slingerland, 101 AD3d at 1266; People v Hines, 84 AD3d 1591, 1591-1592 [2011]). Accordingly, the superior court information must be dismissed.
Although such error was replicated from the original indictment that was amended on motion by order of County Court, we also find merit in defendant's argument that the People's efforts to cure the jurisdictional defect in the indictment were not authorized by the terms of CPL 200.70. This argument is preserved for our review because defendant opposed the People's application to amend (compare People v Lamont, 125 AD3d 1106 [2015], lv denied 26 NY3d 969 [2015]). Further, inasmuch as the "amendment implicates a fundamental defect and purportedly converted a facially insufficient accusatory instrument into a facially sufficient instrument, its legality presents a nonwaivable jurisdictional issue," which may be raised on appeal notwithstanding defendant's guilty plea and appeal waiver (People v Hardy, 35 NY3d 466, 475-476 [2020]; see People v Thomas, 34 NY3d 545, 559 n 2 [2019]; People v Mathis, 185 AD3d 1094, 1096 [2020]).
Although a trial court may permit an indictment to be amended "with respect to defects, errors or variances from the proof relating to the matters of form, time, place, names of persons and the like" (CPL 200.70 [1]), an indictment may not "be amended for the purpose of curing . . . [a] failure thereof to charge or state an offense[] or . . . [l]egal insufficiency of the factual allegations" (CPL 200.70 [2] [a], [b]; see People v Placido, 149 AD3d 1157, 1157-1158 [2017]; People [*3]v Boula, 106 AD3d at 1373). Here, inasmuch as the first five counts of the indictment charged defendant with offenses that required the victim to be less than 17 years old, such counts suffered from the same jurisdictional defect as the superior court information in that they failed to allege a crime by stating that the victim's date of birth was June 2, 1999 — making the victim 17 years old at the time of the alleged offense on November 13, 2016. As such, County Court had no authority to grant the People's application to amend those counts, "regardless of any consistency with the People's theory before the grand jury" or lack of prejudice to defendant (People v Boula, 106 AD3d at 1373; see CPL 200.70 [2]; People v Placido, 149 AD3d at 1157-1158).
Lynch, J.P., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, and superior court information dismissed.



Footnotes

Footnote 1: The charge of official misconduct was subsequently dismissed on defendant's omnibus motion.