People v Bloome (2022 NY Slip Op 03398)





People v Bloome


2022 NY Slip Op 03398


Decided on May 25, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 25, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2017-01884
 (Ind. No. 307/15)

[*1]The People of the State of New York, respondent,
v
Steven Bloome, appellant.


Patricia Pazner, New York, NY (Paul Skip Laisure and Mark W. Vorkink of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), rendered February 8, 2017, convicting him of burglary in the first degree, robbery in the first degree (two counts), criminal mischief in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the convictions of burglary in the first degree under count 1 of the indictment and robbery in the first degree under count 5 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.
The defendant's contentions as to the legal sufficiency of the evidence with respect to his conviction of robbery in the first degree under count 5 of the indictment are unpreserved for appellate review (see People v Hawkins, 11 NY3d 484). Nevertheless, we reach this issue in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]). This count of the indictment accused the defendant of forcibly stealing a cellular phone. However, the People did not adduce evidence sufficient to establish that the defendant had the necessary larcenous intent to "either exert permanent or virtually permanent control over the [cellular phone], or dispose of it in such a manner
as to render it unlikely that the owner would recover it" (People v Terranova, 147 AD3d 1086, 1087). Accordingly, we vacate this conviction and the sentence imposed thereon, and dismiss that count of the indictment.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to burglary in the first degree under count 1 of the indictment, robbery in the first degree under count 4 of the indictment, and criminal possession of a weapon in the fourth degree under count 9 of the indictment was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We conclude, however, that count 1 of the indictment, which cited Penal Law § 140.30(1) and purportedly charged the defendant with burglary in the first degree, was jurisdictionally defective. An indictment is jurisdictionally defective if it "does not effectively charge the defendant with the commission of a particular crime—for instance, if it fails to allege that the defendant committed acts constituting every material element of the crime charged" (People v D'Angelo, 98 NY2d 733, 734-735, citing People v Iannone, 45 NY2d 589, 600). "'While it is true that the incorporation . . . by specific reference to the statute operates without more to constitute allegations of all the elements of the crime[,] . . . such reference may be negated . . . by the inclusion of conduct [or a specific allegation] that does not constitute the crime charged'" (People v Solomon, 203 AD3d 1468, 1469, quoting People v Boula, 106 AD3d 1371, 1372).
Here, count 1 of the indictment cited Penal Law § 140.30(1) and purportedly charged the defendant with burglary in the first degree. "A person is guilty of burglary in the first degree when he [or she] knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he [or she] or another participant in the crime . . . [i]s armed with explosives or a deadly weapon" (id.). However, count 1 of the indictment alleged that "in the course of effecting entry into said dwelling," the defendant "was armed with a dangerous weapon, to wit: a knife." Inasmuch as the offense of burglary in the first degree requires that the defendant be armed with a "deadly weapon," a term which is specifically defined in Penal Law § 10.00(12) and which definition includes only certain specified knives, count 1 of the indictment was jurisdictionally defective because it failed to effectively charge the defendant with the commission of a crime (see id. §§ 10.00, 140.30[1]).
Moreover, the People's motion to amend count 1 of the indictment was not authorized by the terms of CPL 200.70 (see People v Boula, 106 AD3d at 1373). Although a trial court may permit an indictment to be amended "with respect to defects, errors or variances from the proof relating to [the] matters of form, time, place, names of persons and the like" (CPL 200.70[1]), CPL 200.70(2)(a) prohibits any amendment of an indictment when the amendment is needed to cure "[a] failure thereof to charge or state an offense" (see People v Solomon, 203 AD3d at 1470). Here, the People sought to amend count 1 so as to charge the defendant with burglary in the first degree under Penal Law § 140.30(3). Since the proposed amendment would effectively have cured the failure to charge the defendant with burglary in the first degree under Penal Law § 140.30(1), it was therefore prohibited by CPL 200.70(2), regardless of any consistency with the People's theory before the grand jury (see People v Perez, 83 NY2d 269, 276; People v Roberts, 128 AD3d 858, 859; People v Boula, 106 AD3d at 1373; cf. People v Jabbour, 73 AD3d 950, 950-951). Accordingly, we vacate this conviction and the sentence imposed thereon, and dismiss that count of the indictment.
The Supreme Court improvidently exercised its discretion in determining, after a Sandoval hearing (People v Sandoval, 34 NY2d 371), that if the defendant chose to testify at trial, the prosecutor could cross-examine him regarding the facts underlying his January 2004 conviction of assault in the second degree, and his September 2012 conviction of robbery in the third degree. A Sandoval determination "rests largely within the reviewable discretion of the trial court, to be exercised in light of the facts and circumstances of the particular case before it" (People v Hayes, 97 NY2d 203, 207; see People v Williams, 12 NY3d 726, 727; People v Sandoval, 34 NY2d at 375; People v Lowe, 189 AD3d 1461, 1464). Although "questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the crimes charged" (People v Pavao, 59 NY2d 282, 292; see People v Hayes, 97 NY2d at 208; People v Walker, 83 NY2d 455, 459; People v Lowe, 189 AD3d at 1464), "'cross-examination with respect to crimes or conduct similar to that of which the defendant is presently charged may be highly prejudicial, in view of the risk, despite the most clear and forceful limiting instructions to the contrary, that the evidence will be taken as some proof of the commission of the crime charged rather than be reserved solely to the issue of credibility'" (People v Ridenhour, 153 AD3d 942, 943, quoting People v Sandoval, 34 NY2d at 377; see People v Lowe, 189 AD3d at 1464; People v Brothers, 95 AD3d 1227, 1228-1229).
Here, although the facts underlying the January 2004 and September 2012 convictions "had some probative value on the defendant's credibility, any such probative value was far outweighed by the potential prejudicial effect of those facts" (People v Lowe, 189 AD3d at 1464; [*2]see People v Cunny, 163 AD3d 708, 710; People v Ridenhour, 153 AD3d at 943-944; People v Calderon, 146 AD3d 967, 972; People v Wright, 121 AD3d 924, 928; People v Brothers, 95 AD3d at 1228-1229). However, despite the defendant's contention to the contrary, the Supreme Court's Sandoval ruling did not deprive him of his right to a fair trial (see People v Crimmins, 36 NY2d 230, 237; cf. People v Ridenhour, 153 AD3d at 944). Moreover, the error in the Sandoval ruling was harmless, as the evidence of the defendant's guilt was overwhelming and there was no reasonable possibility that the error might have contributed to the defendant's convictions (see People v Crimmins, 36 NY2d at 237; People v Lowe, 189 AD3d at 1464).
The defendant's remaining sentence of 21 years to life imposed on the conviction of robbery in the first degree under count 4 of the indictment, to run concurrently with the sentences imposed on the convictions of criminal mischief in the fourth degree and criminal possession of a weapon in the fourth degree, was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court