# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 25
The People &c.,
     Appellant,
    v.
Yermia Solomon, a/k/a Jeremy
Solomon,
     Respondent.

Danielle K. Blackaby, for appellant.
Nathaniel Z. Marmur, for respondent.

MEMORANDUM:

The Appellate Division order should be affirmed.

A grand jury indicted defendant on several felony sex offenses based on allegations that he engaged in sexual contact with an underage victim. Defendant agreed to be prosecuted under a Superior Court Information ("SCI") and, in full satisfaction of the

amended indictment, which was consolidated with the SCI for plea purposes, defendant pleaded guilty to endangering the welfare of a child under Penal Law § 260.10 and was sentenced to three years' probation. The Appellate Division subsequently concluded the SCI was jurisdictionally defective, reversed defendant's conviction, and dismissed the SCI (203 AD3d 1468 [3d Dept 2022]). The prosecution appeals.[*]

A defendant may waive their constitutional right to grand jury presentment and indictment and proceed by SCI in accordance with the strict technical requirements of CPL 195.10 (2). Here, the SCI was filed after the grand jury indicted defendant and thus the SCI failed to comply with the statutory prerequisites. Accordingly, the SCI is a nullity and was properly dismissed (*see* CPL 195.10 [2]; *People v Boston*, 75 NY2d 585 [1990]; *People v Iannone*, 45 NY2d 589 [1978]; *People v Randall*, 9 NY2d 413, 422-423 [1961]).

Order affirmed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Troutman concur. Judge Halligan took no part.

Decided April 20, 2023

---

[*] The prosecution limits its challenge to the dismissal of the SCI. Therefore, we have no occasion to opine on the Appellate Division's determination that it was error to permit the prosecutor's amendment of the indictment to correct the victim's date of birth.